### GORDON v. UNITED STATES et al.

(District Court, W. D. Washington, N. D. May 15, 1924.)

No. 6962.

Seamen ⊜⇒21—Strict compliance with statute condition precedent to forfeiture of wages for offenses.

The provisions of Comp. St. §§ 8380, 8381, that, on commission by a seaman of any of the offenses enumerated, an entry thereof shall be made in the log and signed, a copy furnished and read to the seaman, and entry of such fact and of his reply, if any, also made and signed, are mandatory, and strict compliance therewith is a condition precedent to enforcement of a forfeiture of wages for the offense.

In Admiralty. Suit by Charles S. Gordon, for himself and other members of the crew of the steamship Pine Tree State, now the President Grant, against the United States and others. Decree for libelant.

Winter S. Martin, of Seattle, Wash., for libelant.

Grosscup & Morrow and W. A. Johnson, all of Seattle, Wash., for respondents.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BOURQUIN, District Judge. The finding is for libelants for the wages by respondents withheld on claims of forfeiture. Forfeitures are always odious. This at bar is statutory, and, however necessary, shipowners, who would invoke the statute to their gain at seamen's expense, who would be court, plaintiff, prosecutor, witness, judge, jury, and marshal, must pursue strictly the statute and its four corners turn square and precise.

In so far as here involved, the statutes (Comp. Stat. §§ 8380, 8381) provide that, if seamen offend, they shall be punished by forfeiture of wages, adjudged by and for the owner; that in the ship's log shall be entered the offense, a copy furnished and read to the offender, and entry likewise made thereof, and of any reply by the offender. Although not expressly directed, but fairly implied, the forfeiture is likewise entered, and thus a record of judgment completed.

The object of these statutory directions is obvious, and it is believed that the latter are mandatory, and that compliance therewith is indispensable to perfect any forfeiture claimed—is a condition precedent. It is true that the statute also provides that in any subsequent legal proceedings the court in its discretion may waive production and proof of the entries, but this does not import that the court can waive making the entries. The waiver is not of the statutory procedure to adjudge and perfect the forfeiture, but only of the best evidence of it. And when, as here, it appears by the log produced that, though the offenses and forfeiture were adjudged and therein entered; any copy given or read to libelants and any their reply were not likewise entered, the claim of forfeiture fails. The cases pro and con are cited in notes to the statutes aforesaid.

In respect to overtime of 50 hours, respondents plead payment by time off as per contract, which payment libelants deny. As usual, the burden of proof is upon the pleader of payment. Therein respondents fail. In their behalf it is testified that in some one of the ship's logs some one entered time off. This log was not produced, and the chief officer testified from a memorandum said to be a copy made by him, but without recollection otherwise of various times, places, and amounts. Clearly incompetent, timely objection is sustained. Otherwise, no more than evenly balanced evidence in the main could be conceded in respondents' behalf. However, it appears in Stewart's deposition that, in computing overtime in excess of time off, no allowance was made for a certain 3 hours off at sea, and in Hucke's testimony (after memory refreshed by the chief officer's), that likewise no allowance was made for a certain eight hours off at sea. To respondents, crediting these admitted omissions, the overtime is reduced to 39 hours. Respondents having failed to perform their promise of time off for overtime, libelants having paid the purchase price for a thing not rendered to them, the former are indebted to the latter for the reasonable value of the overtime, and which without controversy appears to be fifty cents per hour. The findings are as aforesaid, and for libelants in the matter of overtime.

Consideration of various terms of the La Follette Act (Comp. St. § 8363b) is unnecessary, and to libelants no extra allowances are due.

Decree accordingly, with legal interest and costs.